Grant.
3g 240
142 271

## Stamer *versus* Nass et al.

1. A justice of the peace has jurisdiction of a cause of action by a defendant against a constable, for selling property which he had claimed to hold under the $300 exemption law.

2. Trespass is the appropriate action against a constable for selling property claimed under the $300 exemption law.

ERROR to the Court of Common Pleas of *Bucks County.*

*Lear,* for plaintiff in error.

The opinion of the court was delivered March 18th, 1858, by

WOODWARD, J.—We think the justice had jurisdiction. He sets out the cause of action as a claim by plaintiffs for $90, for a wagon that defendants took under an execution and sold as the property of the plaintiff, which he claimed under the $300 law. That jurisdiction of such a cause of action vested in the justice admits of no doubt. But he styled it a plea of trover and conversion. What of that? Under the act of 1814 he had jurisdiction in trover, and it is not altogether clear that trover would not lie for such a taking and conversion of the wagon. Trespass, however, was the appropriate action, and the cause was tried substantially as an action of trespass. Under the

[Stokes *v.* Burrell.]

rule of court the declaration was in assumpsit, the plea non-assumpsit, and "the cause," says the rule, "shall be tried upon the merits, without regard to the form."

Now, if the defendants did not mean to abide by a trial on the merits, and meant to insist on the technical pleading, they should have obtained a rule on the plaintiff to declare specially, and then have demurred or pleaded to issue. After joining issue under the rule of court, or taking their chance for a verdict in favor of the merits, it is too late for them to insist that the action was improperly styled trover instead of trespass. The ground on which we reverse the judgment is that the transcript discloses a cause of action of which the justice had jurisdiction, and the issue having been made up under the rule of court, all formal objections were waived, and the cause should have been decided as it was tried, on its merits. *Wooding* v. *Forks Township*, 4 Casey, 362.

Judgment reversed, and a *venire de novo* awarded.

NOTE.—Either trespass or case will lie against an officer for selling a defendant's property under an execution, in disregard of his claim for the benefit of the exemption law. They are concurrent remedies. *Van Dresor* v. *King*, 10 Casey, 201.